**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xavier Vincent Nixon, | No. CV-18-02624-PHX-JGZ |
| Petitioner, | **ORDER** |
| v. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Leslie A. Bowman's Report recommending the Court deny Petitioner Xavier Nixon's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 18.) Petitioner has filed an objection to the Report and Recommendation and Respondents have filed a response. (Docs. 21, 23). Also pending is Petitioner's "motion for order to provide Petitioner and this District Court with copy of transcripts." (Doc. 22.)

The Court has considered the Report and Recommendation, the Petition, and arguments raised in Petitioner's Objection and Respondents' Response. For the reasons set forth below, the Court will overrule the objection and adopt Magistrate Judge Bowman's recommendation to deny the Petition. The Court will deny Petitioner's motion for transcripts.

## I.  STANDARD OF REVIEW

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district

judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72.

## II. PROCEDURAL BACKGROUND

On November 21, 2014, Petitioner was sentenced to a 15-year term of imprisonment and a 5-year term of probation after pleading guilty to attempted second degree murder and aggravated assault. (Doc. 12-1 at 52–53.) At the sentencing hearing, Petitioner was given written notice of his right to file for post-conviction relief (PCR), which he acknowledged. (Doc. 12-1 at 59.) The deadline for filing an "of right" PCR notice was February 19, 2015. (Doc. 12-2 at 16.)

Almost three years later, on February 12, 2018, Petitioner filed pro se a notice and petition for post-conviction relief. (Doc. 12-2 at 15-16; Doc. 1 at 13–19; Doc. 1-1 at 1–20.) The PCR court dismissed the notice and petition as untimely, rejecting Petitioner's argument that the untimely filing was not Petitioner's fault. (Doc. 12-2 at 15–17.) Petitioner appealed the dismissal to the Arizona Court of Appeals. (*Id.* at 2–12.) In addition to the claims raised in the PCR petition, Petitioner also argued the PCR court's dismissal of his petition was an unreasonable determination of the facts. (*Id.* at 4.) The Arizona Court of Appeals accepted review but denied relief on July 12, 2018, concluding Petitioner failed to show the PCR court's denial of the PCR petition was an abuse of discretion. (*Id.* at 65–66.) Petitioner did not seek review in the Arizona Supreme Court. (Doc. 1 at 6–10.)

On August 17, 2018, Petitioner filed the pending Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). The Petition contains the following claims:

---

[1] Petitioner delivered the Petition to prison authorities for filing on August 17, 2017, and it was filed with the Court on August 20, 2018. (Doc. 1 at 1, 11). Pursuant to the "prison 'mailbox rule,'" the Court deems the Petition filed on August 17, 2018. *See Patterson v. Stewart,* 251 F.3d 1243, 1245 n.2 (9th Cir. 2001) ("Under the prison 'mailbox rule' . . ., a pro se petitioner's petition is deemed constructively filed at the moment it is delivered to prison officials to be forwarded to the court clerk.").

(1) Petitioner is actually innocent because the record at the change of plea hearing failed to show that he intentionally, not recklessly, caused physical injury to the victim;

(2) the indictment was multiplicitous and his convictions violated double jeopardy;

(3) first trial counsel was ineffective because counsel: (a) operated under a conflict of interest; (b) refused to file a motion to dismiss multiplicitous counts; and (c) advised Petitioner to dismiss counsel and file a double jeopardy motion; and second trial counsel was ineffective because counsel: (d) failed to file a double jeopardy motion; (e) stated erroneously Petitioner could receive consecutive terms totaling 40 years if he went to trial; (f) informed the prosecutor about a conversation counsel had with Petitioner about an inaccuracy in the plea agreement; and (g) failed to file a PCR notice for him; and

(4) the PCR court erred in failing to excuse his untimely filing of the PCR notice and petition in violation of Due Process.

(Doc. 1 at 6-9.)

The Magistrate Judge recommended dismissing Grounds 1, 2, and 3 (a)-(f) as time-barred, and Grounds 3(g) and 4 on the merits. The Magistrate Judge assumed for purposes of decision that Ground 3(g) was timely and Ground 4 was cognizable and exhausted. (Doc. 18 at 4–11.)

In his Objection, Petitioner argues the Magistrate Judge erred by (1) concluding Claims 1, 2, and 3(a)-(f) are time barred; (2) rejecting Petitioner's argument that AEDPA's statute of limitations for all his claims did not begin to run until the Arizona Court of Appeals filed its July 12, 2018 decision; and (3) finding the state courts acted reasonably in dismissing his PCR proceeding without an evidentiary hearing. (Doc. 21.) The Court will overrule the objection.

### III. DISCUSSION

This Court agrees with the Magistrate Judge's conclusion that Claims 1, 2, and 3(a)-(f) are time-barred. Upon independent review, the Court concludes that Claim 3(g) is also time-barred and Claim 4 is not cognizable.

//
//

### A. Grounds 1, 2, and 3(a)-(f) are time-barred.

The applicable statute of limitations for habeas petitions is set forth in 28 U.S.C. § 2244(d)(1)(A)-(D) and applies to each claim on an individual basis. *Mardesich v. Cate*, 668 F.3d 1164, 1170 (9th Cir. 2012). The applicable limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). An "of-right" PCR proceeding after a guilty plea is a form of "direct review" for purposes of 28 U.S.C. § 2244(d)(1)(A). *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).

Grounds 1, 2, and 3(a)-(f) pertain to alleged errors in Petitioner's conviction. The time for Petitioner to file his of-right PCR petition expired on February 19, 2015. Therefore Petitioner's judgment became final on February 19, 2015. *See id.* ("AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review."). Therefore, the statute of limitations for these claims expired one year later, on February 19, 2016. Petitioner's habeas petition was untimely; it was not filed with this Court until August 2018.

Petitioner argues that because Arizona law allows the filing of some untimely PCR notices, the PCR courts should have found his habeas petition timely. (Doc. 21 at 2 (citing Ariz. R. Crim P. 32.2(b)).) Petitioner's argument is not persuasive. Petitioner incorrectly asserts that the AEDPA limitations period did not commence until after the Arizona appellate court denied his petition for review on July 12, 2018. Petitioner's of-right PCR proceeding, which the PCR court found to be untimely, is closely analogous to a conventional direct appeal. *Summers,* 481 F.3d at 711. In the context of a conventional direct appeal, the Ninth Circuit has rejected the proposition that dismissal of an untimely notice of appeal "constitute[s] 'the conclusion of direct review' pursuant to § 2241(d)(1)(A)." *Randle v. Crawford,* 604 F.3d 1047, 1054–55 (9th Cir. 2010). The *Randle* court reasoned that "[i]f the one-year limitations period were made contingent on the

resolution of a petitioner's attempt to file an untimely notice of appeal, a petitioner could indefinitely delay the commencement of the one-year period by simply waiting to file such notice until after the normal expiration date. Sanctioning this procedure would undermine the statute of limitations for federal habeas petitions." *Id.* (citations omitted). There is no basis to depart from that reasoning here given that §2244(d)(1)(A) applies equally to conventional direct appeals and of-right PCR Petitions. Thus, Petitioner's untimely PCR notice did not delay commencement of the AEDPA limitations period.

To the extent Petitioner is arguing that the PCR proceeding tolled the AEDPA limitations period, Petitioner is mistaken. Under 28 U.S.C. § 2244(d)(2), the limitations period for filing a habeas petition can be tolled by a properly filed PCR petition in state court. Statutory tolling under § 2244(d)(2) does not apply to of-right PCR petitions. *See Summers,* 481 F.3d at 711 (of-right PCR petition was a form of direct review under § 2244(d)(1)(A) "that delayed the start of—rather than merely tolled the running of the statute of limitations."); *Adams v. Schriro,* No. CV-08-750-PHX-ROS, 2009 WL 2219291, at *4 (D. Ariz. July 24, 2009) (statutory tolling does not apply where petitioner filed an of-right PCR petition and not a subsequent petition for post-conviction relief).

Moreover, even if § 2244(d)(1) applied, "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation marks and citation omitted). Petitioner's PCR notice and petition were untimely. Petitioner's appeal of the dismissal of his untimely PCR petition did not restart the limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (where AEDPA limitation period expired before state petition was filed, it cannot be reinitiated).[2]

---

[2] The PCR court rejected Petitioner's request to permit his untimely PCR Petition under Ariz. R. Crim. P. 32,1(f), finding that Petitioner failed to show the untimeliness was without fault on his part. (Doc. 1-1 at 31.) The record amply supports this conclusion. Petitioner knew that his PCR petition needed to be filed by February 19, 2015. Petitioner signed an acknowledgement to that effect. The acknowledgment warned: "[i]f you do not timely file a Notice of Post-Conviction Relief you may never have another opportunity to have any errors made in your case corrected by another court." (Doc. 12-1 at 59.) Despite this warning, Petitioner made only one attempt to contact his attorney

- 5 -

**B. Ground 3(g) is time-barred**

In the Report and Recommendation, the Magistrate Judge concluded that trial counsel did not promise Petitioner that she would file a timely PCR notice for him, and therefore, she was not ineffective. The Magistrate Judge reasoned that the PCR court implicitly found that counsel never made such a promise, and concluded that the state court's finding was not objectively unreasonable. (Doc. 18 at 11.) Petitioner objects to the finding that his attorney did not promise to file a PCR notice, asserting that that it is speculation unsupported by facts in the record. The Court does not address or adopt the Magistrate Judge's finding as to Ground 3(g). Rather, the Court concludes that Ground 3(g) is time-barred.

The limitations period for Claim 3(g) began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). Due diligence is measured objectively by a standard of reasonable diligence in the circumstances. *Ford v. Gonzalez*, 683 F.3d 1230, 1235-36 (9th Cir. 2012). The Court need not make any factual findings or conduct any evidentiary hearing to conclude that Petitioner could have discovered through the exercise of due diligence that counsel had failed to file a timely PCR notice within one year of its due date—February 19, 2015. Petitioner was aware that the notice was due on that date. Yet, Petitioner did not request relief from the state court until February 18, 2018, almost three years later. And he did not file his petition for habeas relief with this Court until

---

about the filing of the PCR notice and that attempt did not occur until August 2017, thirty months after the filing deadline expired. (*See* Doc. 17 at 2.) Notably, Petitioner does not allege any impediment to communicating with his attorney during the thirty-month period.

For the same reasons Petitioner is not entitled to equitable tolling of the habeas limitations period. Petitioner fails to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace,* 544 U.S. at 418). Unlike cases where equitable tolling has been allowed, Petitioner did not act with reasonable diligence. *See Rudin v. Myles*, 781 F.3d 1043, 1056 (9th Cir. 2014) (finding petitioner reasonably diligent during period of attorney abandonment by repeatedly attempting to contact attorney, providing information to aid in his representation, and filing own motion to substitute counsel); *Doe v. Busby*, 661 F.3d 1001, 1009, 1011-15 (9th Cir. 2011) (finding petitioner reasonably diligent where he maintained consistent contact with his attorney about the case during the relevant period and his attorney misled him for several years about the status of his case).

- 6 -

August 17, 2018. As discussed in Section A and nt. 2, even if Petitioner "ha[d] no reason not to believe court appointed counsel when she told him the she w[ould] file a notice of post-conviction relief" (Doc. 17 at 2), in the thirty months that passed since the notice was due, he could have reasonably discovered her failure to do so. Because Petitioner did not exercise reasonable diligence, his claim is time-barred.

### C. Ground 4 is not cognizable

In Ground 4, Petitioner argues that the PCR court erred in failing to excuse his untimely filing of the PCR notice under Arizona Rule of Criminal Procedure 32.1(f). Petitioner asserts this was a violation of Due Process. The Court notes that Ground 4 is intertwined with Ground 3(g) in that Petitioner challenges the PCR court's rejection of his argument that the untimely filing was not his fault because trial counsel had promised to file the notice but failed to do so. As set forth *supra* in Section A, this Court has already determined that Petitioner could have discovered through the excise of reasonable diligence that counsel had failed to file a timely notice within the applicable deadline.

To the extent that Ground 4 is not intertwined with Ground 3(a), it is not cognizable in this action. Habeas relief is available "only on the ground that [the prisoner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Blair v. Martel*, 645 F.3d 1151, 1157-58 (9th Cir. 2011) (a due process claim to compel the speedy processing of an appeal to which prisoner is entitled under state law does not necessarily imply the validity of a conviction and therefore is non-cognizable in a habeas action) (citing *Skinner v. Switzer*, 562 U.S. 521, 533-34 & n.13 (2011)); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("[A] petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."). Petitioner cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

Accordingly, the Court finds Petitioner's challenge to the post-conviction review process non-cognizable in this habeas action.[3]

### D. Motion requesting transcripts is denied.

On April 1, 2019, Petitioner filed a renewed motion "for order to provide Petitioner and this District Court with copy of transcripts." (Doc. 22.) Petitioner requests transcripts from his (1) settlement conference; (2) trial management conference; (3) reset date/continuance; (4) status conference; (5) change of plea hearing; (6) motion for continuance hearing; and (7) sentencing hearing. Petitioner argues he needs the transcripts "to substantiate his claims and pleadings." (*Id.* at 2.) This Court has concluded that Petitioner's claims are either time-barred or non-cognizable. Because the requested transcripts could not cure these deficiencies, the Court will deny the motion.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner can appeal this Court's judgment, a certificate of appealability (COA) must issue. *See* 28 U.S.C. §2253(c); Fed. R. App. P. 22(b)(1); Rule 11(a) of the Rules Governing Section 2254 Cases. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right." The court must indicate which specific issues satisfy this showing. *See* 28 U.S.C. §2253(c)(3). With respect to claims rejected on the merits, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct. *Id*. Applying these standards, the Court concludes that a

---

[3] Based on this conclusion, the Court does not address Petitioner's other objections to the dismissal of Ground 4.

certificate should not issue, as the resolution of the petition is not debatable among reasonable jurists.

## V. CONCLUSION

For the foregoing reasons,

IT IS ORDERED:

1. The Report and Recommendation (Doc. 18) to deny the Petition is ADOPTED.
2. Petitioner's Objection to the Report and Recommendation (Doc. 21) is OVERRULED.
3. Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED with prejudice.
4. Petitioner's Motion for Order to provide Petitioner and this District Court with copy of transcripts (Doc. 22) is DENIED.
5. A certificate of appealability is DENIED.
6. The Clerk of Court shall enter judgment accordingly and close the file in this action.

Dated this 11th day of October, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge